Mario DiSalvo, Esq. SBN 199113
Attorney at Law
1332 East Olive Avenue
Fresno, California 93728
Phone (559) 442-1552
Email: Mario@DisalvoLaw.com

**Law Offices of Yan E. Shrayberman**
**Yan. E. Shrayberman # 253971**
2131 Kern Street, Suite 131
Fresno, California 93728
Phone: (559) 779 -2315
Email: Youradvokat@gmail.com

Attorneys for **Plaintiffs**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| **TERESA ARRES, individually and as personal representative of ESTATE of LONNIE GRAHAM, the ESTATE OF LONNIE GRAHAM, BENICIA FUENTES as Guardian ad Litem of minors, L.G. and J.G.**<br><br>**Plaintiffs**<br><br>Vs.<br><br>**THE CITY OF FRESNO; FRESNO POLICE DEPARTMENT; JERRY DYER, in his official capacity as CHIEF OF POLICE for the CITY OF FRESNO; ALFONSO CASTILLO individually and in his official capacity as police officer for the FRESNO POLICE DEPARTMENT; JOSHUA BOWLING individually and in his official capacity of a police officer for the FRESNO POLICE DEPARTMENT; and DOES 1-50, inclusive,**<br><br>**Defendants.** | **CASE NO.:**<br><br><br><br><br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ( 42 U.S.C. § 1983); ASSAULT AND BATTERY; NEGLIGENCE; NEGLIGENT TRAINING AND SUPERVISION; WRONGFUL DEATH**<br><br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

1

**INTRODUCTION**

**This case arises out of assault and wrongful death of twenty-eight year old, Mr. Lonnie Graham, at hands of several Fresno Police Department officers during the night of September 23, 2009.**

**PARTIES**

1. **Plaintiff herein, TERESA ARRES, is, and at all times herein mention was a citizen of United States. Plaintiff is the surviving mother of decedent, LONNIE GRAHAM.**

2. **Plaintiff herein, the ESTATE of LONNIE GRAHAM, is represented by and through, TERESA ARRES, the decedents' mother and personal representative of LONNIE GRAHAM's estate.**

3. **Plaintiff herein, BENICIA FUENTES, is the Guardian Ad Litem of L.G and J.G., the minor surviving children of decedent, LONNIE GRAHAM.**

4. **Defendant, CITY OF FRESNO ("FRESNO") is a political subdivision of the State of California.**

5. **Defendant FRESNO POLICE DEPARTMENT ("FRESNO PD") is a governmental entity, duly organized and existing under the laws of the State of California.**

6. **At all times herein mentioned defendant, JERRY DYER, ("CHIEF DYER") was the CHIEF OF POLICE for the FRESNO POLICE DEPARTMENT. CHIEF DYER in his capacity as Chief of police for the Fresno Police Department is responsible for management, supervision and discipline for the FRESNO POLICE DEPARTMENT and is the official policy maker for said department. Defendant, CHIEF DYER, is sued herein as individual and official capacity as the CHIEF of POLICE for the FRESNO POLICE DEPARTMENT.**

7. **At all times mentioned herein, defendant ALFONSO CASTILLO was an employee of FRESNO POLICE DEPARTMENT. He is being sued individually and in his official**

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

capacity as POLICE OFFICER for FRESNO POLICE DEPARTMENT.

8. At all times mentioned herein, defendant JOSHUA BOWLING was an employee of FRESNO POLICE DEPARTMENT. He is being sued individually and in his official capacity as POLICE OFFICER for FRESNO POLICE DEPARTMENT.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue those defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

10. DOES 1 through 25, inclusive, are police officers employed by Defendant FRESNO PD, acting within the course and scope of their employment by FRESNO PD, and were directly involved in shooting and wrongful death of decedent. DOES 26 through 50, inclusive, are defendant police officers employed by defendant FRESNO PD, acting within the course and scope of their employment by FRESNO PD, were employed in a supervisory capacity by defendant FRESNO PD and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officers employed by FRESNO PD in the proper and reasonable use of force.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On October 2, 2009, pursuant to section 910 of the California Government Code, Plaintiff filed a claim for damages with the Risk Management division of the City of Fresno. On January 26, 2010, the said claim was rejected.

## JURISDICTION AND VENUE

12. This action, filed to redress the violation of Lonnie Grahm's rights under the Fourth

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

Amendment and Fourteenths Amendment to the United States Constitution, arises under the Civil Rights Act of 1971, 42 U.S.C. § 1983.

13. This Court has jurisdiction of this case pursuant to 28 U.S.C § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

14. Venue is proper in this district under 28 U.S.C. § 1331(b) because at least one of the defendants resides in this district, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. On the night of September 23, 2009, Decedent Lonnie Graham, was lawfully staying at his friend's home, at 1352 North Calaveras Street, in the City of Fresno.

16. At approximately 12:00, police officers surrounded the residence.

17. Police officers made contact with Celeste Rodriguez, at whose home LONNIE GRAHAM was staying. The contact with her was made outside the home.

18. Police officers threatened her with weapons and demanded that she call LONNIE GRAHAM and have him come out the back door.

19. Fearing for her life, she telephoned her fifteen-year-old son, G.S., who was inside the home and told him to tell LONNIE GRAHAM to come out the back door where police will be waiting for him.

20. G.S., accepted the phone call and handed the cell phone to LONNIE GRAHAM.

21. As LONNIE GRAHAM exited the back door, he was told to turn around with his hands in the air. At that time LONNIE GRAHAM had a cell phone in his hand, the same phone that he used to communicate with FRESNO PD officers.

22. LONNIE GRAHAM complied with the officer's instructions, and turned around, facing the back entrance of the home, with this hands in the air, holding the cell

phone in his right hand.

23. At that point officers fired multiple times, from multiple angles, hitting LONNIE GRAHAM once in the back of the head, once in the upper left arm, once in the back, on the right side, once in the left elbow, once in the lower left abdomen, once in the back of the right shoulder, once in the back, on the left side, once in the back of the left shoulder.

24. Fresno Police officers shot him from all angles, and in addition to the above mentioned shots, he was also injured by the shrapnel-type injuries to his hands.

25. At the time LONNIE GRAHAM was shot by the FRESNO POLICE officers, he was complying with their instructions and/or orders and had committed no crime.

26. At no time did LONNIE GRAHAM provoke the officers, he simply stepped out of the doorway and turned around, just as police ordered.

27. Plaintiffs further are informed and believe and thereon allege that decedent's death was a foreseeable harm resulting from defendant' failure to exercise duty of care owed to decedent, by using excessive and deadly force against the decedent.

28. The above-described intentional and/or negligent conduct by defendants was a factual and proximate cause of decedent's death and plaintiff's damages.

29. Plaintiffs are informed and believe and thereon allege that defendants CITY OF FRESNO and FRESNO POLICE DEPARTMENT by and through its supervisory employees and agents CHIEF DYER, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to arrestees. With deliberate indifference CITY OF FRESNO and FRESNO POLICE DEPARTMENT and DOES 1- 50, inclusive, failed to take necessary, proper and/or adequate measures to prevent the violation of the decedent and plaintiffs; rights.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

30. **Plaintiffs are informed and believe and thereon allege that CITY OF FRESNO and FRESNO PD, CHIEF DYER, and DOES 26-50, inclusive, breached their duty of care to the public in that they failed adequately train, supervise, and discipline their police officers in the proper making of arrests and use of force. The lack of adequate supervisorial training demonstrates the existence of informal custom, police or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful arrests and use of excessive force against the arrestees by FRESNO PD officers JOSHUA BOWLING, ALFONSO CASTILLO and DOES 1-50 inclusive.**

31. **Plaintiffs are informed and believe and thereon allege that CITY OF FRESNO, FRESNO PD, CHIEF DYER, and DOES 26-50, inclusive breached their duty of care to the public in that they have failed to discipline defendants JOSHUA BOWLING, ALFONSO CASTILLO , and DOES 1-25, inclusive, demonstrates the existence of entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper arrests and use of excessive and/or deadly force and the fabrication of official reports to cover-up defendants JOSHUA BOWLING, ALFONSO CASTILLO and DOES 1-25, inclusive, misconduct.**

32. **Plaintiffs are informed and believe and thereon allege that members of the FRESNO PD, including, but not limited to defendants JOSHUA BOWLING, ALFONSO CASTILLO and DOES 1-25 and/or each of them, have individually and /or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individual, including, but no limited to decedent, LONNIE GRAHAM.**

33. **Plaintiffs are further informed and believe and thereon allege that said customs,**

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

policies, patters and/or practices are the product of a culture of tolerance at FRESNO PD in which racial slurs, verbal abuse, physical assaults, fabrication of police reports and/or violation of citizens civil rights are ignored, encouraged and/or accepted as proper conduct by FRESNO PD officers.

34. Plaintiffs are further informed and believe and thereon allege that was a matter of official police- -rooted in an entranced posture of deliberate indifference to the constitutional rights of primary minority citizens who live in the city of Fresno, defendant FRESNO PD has long allowed it's residents, such a decedent, to be abused by it's police, including by defendants JOSHUA BOWLING, ALFONSO CASTILLO and DOES 1-25 and/or each of them, individually and/or acting in concert with one another.

35. As a result of pre-existing customs, policies, patterns and/or practices of such abuses by defendant FRESNO PD, decedent and plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

## DAMAGES

36. As a consequence of Defendant's violation of Plaintiff's federal civil rights under 42 U.S. C. Section 1983, Plaintiff TERESA ARRES was mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but no limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

37. Minor plaintiffs, L.G. and J.G., by and through their Guardian Ad Litem, BENICIA FUENTES, are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

38. Plaintiff, ESTATE OF LONNIE GRAHAM, by and through TERESA ARRES, the personal representative of LONNIE GRAHAM's estate, is entitled to recover

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

wrongful death damages pursuant to C.C.P sections 377.60 and 377.61 and Probate code Section 6402 (b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

39. Plaintiff, ESTATE OF LONNIE GRAHAM, is entitled to recover damages by and through TERESA ARRES, the personal representative of decedents estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

40. As a further direct and proximate result of defendant's intentional and/or negligent conduct, Plaintiffs L.G. and J.G., have been deprived of decedent's support.

41. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C.§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
Violation of Fourth Amendment of the United States Constitution
( 42 U.S.C.§ 1983)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this complaint.

43. Defendant's above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

### SECOND CAUSE OF ACTION
(Deliberate Indifference to Decedent's Medical Needs)
(42 U.S.C § 1983)

44.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

8

43 of this Complaint.

45. Decedent was entitled to receive necessary medical attention while in care and custody of FRESNO PD. In doing the acts complained of, defendants, and each of them, acted under the color of state law to deprive the decedent of urgently needed medical attention in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

46. As a proximate result of defendant's conduct, plaintiffs suffered injuries and damages asset forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Conspiracy to Violate Decedent's Civil Rights)**
**(42 U.S.C § 1985)**

47. Plaintiffs here by re-allege and incorporate by reference paragraphs 1 through 46 of this Complaint.

48. In doing the acts complained herein, Defendants CITY OF FRESNO, CHIEF DYER, CASTILLO, BOWLING and DOES 1-25 and each of them acted in concert and conspired to violate decedent's federal civil rights to be free from excessive and/or arbitrary force.

49. Defendant CITY OF FRESNO, CHIEF DYER ,CASTILLO, BOWLING and DOES 1-25 and each of them had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

**FOURTH CAUSE OF ACTION**
( Wrongful Death)
(42 U.S.C. § 1983)

50. Plaintiff hereby re-alleges and incorporate by reference paragraphs 1 through 49 of this complaint.

51. Defendants acted under he color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected right, including but not limited to:

The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution:

The right not to be deprived of life or liberty without due process of the law, as guarantied by the Fifth and Fourteenth Amendments to the United States Constitution;

The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendment to the United States constitution; and/or,

The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
(Violations of Plaintiffs' Civil Rights to Familial Relationship)
( 42 U.S.C. § 1983)

52. Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 thought 51 of this Complaint as though fully set forth;

53. Defendants, acting under the color of law, and without due process of law, deprived Plaintiff of their right to a familial relationship by use of unreasonable,

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and to hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(*MONELL*)
( 42 U.S.C. § 1983)

54. Plaintiffs hereby re-allege and incorporate by reference herein paragraph 1 through 53 of this Complaint.

55. As against defendants, CITY OF FRESNO, FRESNO PD, CHIEF DYER and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy maker(s) for FRESNO PD, the plaintiffs further allege that the acts and/or omissions alleges in the Complaint herein are indicative and representative of a repeated course of conduct by members of defendant FRESNO PD tantamount to a custom, policy or repeated practice of conditioning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as plaintiffs.

56. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleges herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY OF FRESNO, FRESNO PD, CHIEF DYER and DOES 26 – 50 and/or each of them, to repeated violations of constitutional rights by FRESNO PD police officers, which included, but are not limited to, repeated

acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or ,malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

57. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY OF FRESNO, FRESNO PD, CHIEF DYER, DOES 26- 50 and/or each of them, to the repeated violations of the constitutional rights of citizens by FRESNO PD police officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

58. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY OF FRESNO, FRESNO PD, CHIEF DYER, DOES 26- 50, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiffs, including, but not limited to, the following:

(a) the right not to be deprived of life, liberty or property without Due Process of Law;

(b) the right to be free from unreasonable searches and seizures and/or,

(c) the right to equal protection of the law,

(d) the right to familial relationships

(e) the right to enjoy civil and statutory rights.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

As a result of the violation of their constitutional rights by defendants CITY OF FRESNO, FRESNO PD, CHIEF DYER and/or DOES 26- 50 and/or each of them,

plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Survival action: Violation of decedent's civil rights)
(42 U.S.C § 1983)
(Plaintiff ARRES as personal representative of decedent's estate)

59. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint.

60. LONNIE GRAHAM was forced to endure great conscious pain and suffering because of Defendant's conduct before his death;

61. LONNIE GRAHAM did not file a legal action before his death;

62. Plaintiff TERESA ARRES, as personal representative of the ESTATE OF LONNIE GRAHAM claims damages for the conscious pain and suffering incurred by LONNIE GRAHAM, as provided for under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHT CAUSE OF ACTION**
(Wrongful Death- Negligence)
(C.C.P. § 377.60 and 377.61)
(Plaintiffs L.G. and J.G., by and through her Guardian Ad Litem, BENICIA FUENTES against all Defendants)

63. Plaintiff re-alleges and incorporates by reference herein paragraphs 1- 62 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64. Defendants and DOES 1 -50 inclusive, by through their respective agents and employees, proximately caused the death of decedent LONNIE GRAHAM, said Plaintiffs' L.G.'s and J.G.'s, father, on September 3, 2009 as a result of their

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

negligent conduct and/or negligent failure to act as set-forth herein.

65. As an actual and proximate result of said defendant's negligence, and the death of decedent, plaintiffs L.G. and J.G. has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

66. As a further actual and proximate result of said defendant's negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

67. Pursuant to California C.C.P. § 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and resulting injuries.

WHEREFORE, plaintiffs pry for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
(Violation of Decedent's Right To Enjoy Civil Rights)
( Violation of CALIFORNIA CIVIL CODE § 52.1)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 of this Complaint.

69. Defendant's above-described conduct constitutes interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceful exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
(Violation of Decedent's State Statutory Rights)
(Violation of CALIFORNIA CIVIL CODE § 51.7)

70. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 69 of this Complaint.

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

**71.** Plaintiff is informed and believes and thereon alleges that the conduct of Defendants CASTILLO, BOWLING and DOES 1 though 50, inclusive, as described herein, was motivated by prejudice against LONNIE GRAHAM. Plaintiff is and was readily recognizable Hispanic- American. In engaging in such conduct, Defendants violated decedents' rights under California Civil Code § 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

**72.** Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of Civil Code § 51.7, reasonable attorney's fees and additional $25,000.00.

**73.** As proximate result of Defendant's wrongful conduct, decedent suffered damages as hereinafter set forth.

**WHEREFORE, plaintiffs pray for relief as hereinafter set forth.**

## ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

**74.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 of this Complaint.

**75.** Defendant' above-described conduct was extreme, unreasonable and outrageous.

**76.** In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable rick that decedent would suffer extreme emotional distress as a result of Defendants' conduct.

**WHEREFORE, plaintiffs pray for relief as hereinafter set forth.**

## TWELFTH CAUSE OF ACTION
(Assault and Battery)

**77.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76 of this Complaint.

Mario DiSalvo, Esq.
1332 East Olive Avenue
Fresno, California 93721
Phone (559) 442-1552

78. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

79. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff pray for relief, as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expects and the other special damages in a sum determined according to the amount to be proven at trial;

3. For funeral and burial expects according to the amount to be proven at trial;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY OF FRESNO, CHIEF DYER, CASTILLO , BOWLING and DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C § 1988

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**DiSalvo Law Office**

**Dated: August 21, 2010**         **/S/Mario DiSalvo**
                                   **Mario DiSalvo, Esq**

**Dated: August 21, 2010**

                                   **/S/Yan E. Shrayberman**
                                   **Yan E. Shrayberman, Esq**

                                   **Attorneys for Plaintiffs**