1  Rosemary T. McGuire, Esq.   Bar No. 172549
2  Brande L. Gustafson, Esq.      Bar No. 267130

3  WEAKLEY, ARENDT & McGUIRE, LLP
     1630 East Shaw Avenue, Suite 176
        Fresno, California   93710
4        Telephone: (559) 221-5256
         Facsimile: (559) 221-5262

5
6  Attorneys for Defendants, CITY OF FRESNO, FRESNO POLICE DEPARTMENT,
   JERRY DYER, ALFONSO CASTILLO, and JOSHUA BOWLING

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  TERESA ARRES, individually and as          ) CASE NO. 1:10-CV-001628-LJO-SMS
    personal representative of ESTATE OF       )
12  LONNIE GRAHAM, the ESTATE OF               )
    LONNIE GRAHAM, BENICIA FUENTES             ) **DEFENDANTS' *AMENDED* MOTION TO**
13  as Guardian ad Litem of minors, L.G. and   ) **DISMISS PLAINTIFF'S COMPLAINT AND**
    J.G.,                                      ) **MOTION TO STRIKE**
14                                             )
                Plaintiffs,                    ) **[Fed. R. Civ. P. 12(b)(6) and 12(f)]**
15                                             )
           vs.                                 ) Date:   December 29, 2010
16                                             ) Time:  8:30 a.m.
    THE CITY OF FRESNO; FRESNO POLICE          ) Ctrm:  Four
17  DEPARTMENT; JERRY DYER, in his             )
    official capacity as CHIEF OF POLICE for the ) The Honorable Lawrence J. O'Neill
18  CITY OF FRESNO; ALFONSO CASTILLO           )
    individually and in his official capacity as )
19  police officer for the FRESNO POLICE       )
    DEPARTMENT;  JOSHUA  BOWLING               )
20  individually and in his official capacity of a ) Complaint Filed: 9/9/10
    police officer for the FRESNO POLICE       )
21  DEPARTMENT, and DOES 1-50, inclusive,      )
                                               )
22              Defendants.                    )
    _____ )
23

24

25

26

27

28

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

# TABLE OF CONTENTS

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   AUTHORITY FOR MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  LEGAL ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.   Improper and Redundant Defendants Should be Dismissed . . . . . . . . . . . . . . . . . . . . . 3

           1.   The Fresno Police Department is Not a Proper Defendant. . . . . . . . . . . . . . . 3

           2.   The Official-Capacity Claims Against Defendants Jerry Dyer,
                Alfonso Castillo, and Joshua Bowling Are Redundant. . . . . . . . . . . . . . . . . . 3

      B.   The Plaintiffs' Claim for Punitive Damages Against the City
           of Fresno Should be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.   First Cause of Action - Violation of the Fourth Amendment
           of the United States Constitution (42 U.S.C. § 1983). . . . . . . . . . . . . . . . . . . . . . . . 4

           1.   Only Decedent's Personal Representative or Successor-In-Interest
                Can Maintain a Fourth Amendment Claim. . . . . . . . . . . . . . . . . . . . . . . . . 4

      D.   Second Cause of Action - Deliberate Indifference to Decedent's
           Medical Needs (42 U.S.C. § 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           1.   Plaintiffs Fails to Allege Sufficient Facts to Support a Claim
                for Violation of Decedent's Constitutional Rights Based
                on Deprivation of Urgently Needed Medical Attention. . . . . . . . . . . . . . . . . 5

      E.   Third Cause of Action - Conspiracy to Violate Decedent's Civil
           Rights (42 U.S.C. § 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           1.   The Plaintiffs Have Failed to Plead a Conspiracy Claim. . . . . . . . . . . . . . . 6

      F.   Fourth Cause of Action - Wrongful Death (42 U.S.C. § 1983). . . . . . . . . . . . . . . . . . 8

           1.   The Fourth, Fifth, and Fourteenth Amendment Claims
                Should be Stricken for Being Impertinent and Redundant. . . . . . . . . . . . . . . 8

           2.   The Fifth Amendment Only Applies to Federal Government. . . . . . . . . . . . . 9

           3.   Plaintiffs fail to state a claim for interference with the
                "zone of privacy" under the Fourth and Ninth Amendments. . . . . . . . . . . . . 9

           4.   Plaintiffs Have Failed to Sufficiently Plead a Due Process
                Claim Under the Fourteenth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . 9

      G.   Fifth Cause of Action - Violations of Plaintiffs' Civil Rights to Familial
           Relationship (42 U.S.C. § 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1                1.     Plaintiffs' Reference to a First Amendment Claim

                      Should be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1.     Plaintiffs' Reference to a First Amendment Claim Should be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2.     Plaintiffs' Reference to a Fourth Amendment Claim Should be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

H.    Sixth Cause of Action - *Monell* (42 U.S.C. § 1983). . . . . . . . . . . . . . . . . . . . . . . . . . 11

1.     The Complaint Does Not Contain Facts Supporting Defendant DYER's Individual Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

I.     Seventh Cause of Action - Survival Action: Violation of Decedent's Civil Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

J.     Plaintiffs' State Law Claims are Barred by the Statute of Limitations and Should be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

K.    Eighth Cause of Action - Wrongful Death - Negligence (C.C.P. §§ 377.60 and 377.61). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

a.    *The City of Fresno Cannot Be Directly Liable for Negligence.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

b.    *Plaintiffs L.G. and J.G., By and Through Their Guardian Ad Litem, Benicia Fuentes, Have Failed to Plead a Negligence Claim Against Chief Dyer.* . . . . . . . . . . . . . 17

L.     Ninth Cause of Action - Violation of Decedent's Right to Enjoy Civil Rights (Violation of California Civil Code § 52.1). . . . . . . . . . . . . . . . . . . . . 18

M.    Tenth Cause of Action - Violation of Decedent's State Statutory Rights (Violation of California Civil Code § 51.7). . . . . . . . . . . . . . . . . . . 18

N.    Eleventh Cause of Action - Intentional Infliction of Emotional Distress. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

O.    Twelfth Cause of Action - Assault and Battery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

1

## <u>TABLE OF AUTHORITIES</u>

2

3 **<u>Federal Cases</u>**

4 *Alderman v. United States*, 394 U.S. 165 (1969)............................................ 4

5 *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996) ..................................... 10

6 *Ashcroft v. Iqbal* ("*Iqbal*"), 129 S.Ct. 1937 (2009)..................................... 17, 20

7 *Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544 (2007).................... 2, 10, 13

8 *Braley v. City of Pontiac,* 906 F.2d 220  (6th Cir. 1990)............................... 10

9 *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir.1985)......................................... 7

10 *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996). ............................ 4

11 *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989)................................ 8

12 *Byrd v. Guess*, 137 F.3d 1126 (9th Cir. 1998).......................................... 5

13 *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984). ................. 2

14 *Chavez v. Martinez,* 538 U.S. 760 (2003). ............................................. 10

15 *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)......................... 3, 4

16 *Conley v. City of Lorain*, 1999 WL 1021650 (6th Cir. Nov. 2, 1999).................... 8

17 *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)................................ 10, 11

18 *Curnow By and Through Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991)........ 4

19 *Daniels v. Williams*, 474 U.S. 327 (1986)............................................. 10

20 *Davidson v. Cannon*, 474 U.S. 344 (1986) ............................................. 10

21 *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). .......... 10

22 *Doe v. Attorney General*, 941 F.2d 780 (9th Cir.1991)................................. 9

23 *Estate of Contreras ex re. Contreras v. County of Glenn,*
      — F. Supp. 2d —, 2010 WL 2816246 (E.D. Cal. Jul. 16, 2010)....................... 14

24

25 *Fayle v. Stapley*, 607 F.2d 858 (9th Cir. 1979). ..................................... 12

26 *Ferguson v. City of Charleston*, 532 U.S. 67 (2001).................................. 12

27 *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002). .......................... 6

28 *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)................................. 7

1 | *Graham v. Connor*, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

2 | *Grigsby v. Kane*, 250 F. Supp. 2d 453 (M.D. Pa. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3 | *Griswold v. Connecticut*, 381 U.S. 479 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

4 | *Hansen v. Black*, 885 F.2d 642 (9th Cir.1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 | *In re Crawford*, 194 F.3d 954 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6 | *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7 | *Kanae v. Hodson*, 294 F. Supp. 2d 1179 (D. Hawaii 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8 | *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621(9th Cir. 1988).. . . . . . . . . . . . . . . . . . 7

9 | *Kim v. City of Santa Clara*, 2010 WL 2034774 (N.D. Cal. May 19, 2010). . . . . . . . . . . . . . . . . 11

10 | *Kimble v. D. J. McDuffy, Inc.,* 648 F.2d 340 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 | *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12 | *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820 (N.D. Cal. 1992). . . . . . . . . . . . . . . . 3

13 | *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14 | *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 | *Lopez v. Arrowhead Ranches*, 523 F.2d 924 (9th Cir. 1975).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16 | *Luke* v. *Abbott,* 954 F. Supp. 202 (C.D. Cal. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17 | *Monell v. Department of Social Services ("Monell")*, 436 U.S. 658 (1978). . . . . . . . . . . 2, 11, 12, 13

18 | *Moreland v. Law Vegas Metropolitan Police Department*, 159 F.3d 365 (9th Cir.1998). . . . . . . . . . 5

19 | *Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20 | *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916 (9th Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . 8

21 | *Phillips v. City of Fairfield*, 406 F. Supp. 2d 1101 (E.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . 13

22 | *Pizzuto v. County of Nassau*, 240 F. Supp. 2d 203 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . 11

23 | *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).. . . . . . . . . . . . . . . . . . . . . 7

24 | *Powell v. Workmen's Compensation Bd. of State of N. Y.*, 327 F.2d 131 (2nd Cir. 1964).. . . . . . . . . . 8

25 | *Quintanilla v. City of Downey*, 84 F.3d 353 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26 | *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170-71 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . 18

27 | *Rise v. State of Oregon*, 59 F.3d 1556 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 | *Rizzo v. Goode*, 423 U.S. 362 (1976).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1    *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2    *Roberts v. United States Jaycees*, 468 U.S. 609 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

3    *Rochlin v. California*, 342 U.S. 165 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4    *Rutherford v. City of Berkeley,* 780 F.2d 1444 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5    *Sanders v. City of Fresno*, 551 F. Supp. 2d 1149 (E.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 17

6    *Scott v. Clay County, Tennessee*, 205 F.3d 867 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7    *Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8    *Souza v. Pina*, 53 F.3d 423 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9    *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629 (S.D. Cal. 1998). . . . . . . . . . . . . . . . . . . 2

10   *Stump v. Gates*, 777 F. Supp. 808 (D. Colo. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11   *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12   *Thompson v. Ashe,* 250 F.3d 399 (6th Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

13   *United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14   *Vance v. County of Santa Clara,* 928 F. Supp. 993 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 3

15   *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128 (E.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . 14

16   *Washington v. Glucksberg*, 521 U.S. 702 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17   *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d 1109 (9th Cir.1992) . . . . . . . . . . . . . . . . . 4

18   *Whalen v. Roe*, 429 U.S. 589 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19   *Willis v. City of Fresno*, 2010 WL 475447 (E.D. Cal. Feb. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . 12, 13

20

21   **State Cases**

22   *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860 (2007). . . . . . . . . . . . . . . . . 18, 19

23   *Bay Area Rapid Transit District v. Superior Court*, 38 Cal. App. 4th 141 (1995). . . . . . . . . . . . . . 18

24   *City of San Jose v. Superior Court,* 12 Cal.3d 447 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

25   *Edson v. City of Anaheim,* 63 Cal. App. 4th 1269 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

26   *Garcia v. Superior Court*, 42 Cal. App. 4th 177 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

27   *Hughes v. Pair,* 46 Cal.4th 1035 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

28   *Ladd v. County of San Mateo*,12 Cal.4th 913 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1   *Lewis v. City & County of San Francisco,* 21 Cal. App. 3d 339 (1971) . . . . . . . . . . . . . . . . . . . . . . . 16

2   *Munoz v. City of Union City,* 120 Cal.App.4th 1077 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

3   *Peterson v. City of Vallejo,* 259 Cal. App. 2d 757 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4   *Pacific Tel. & Tel. Co. v. County of Riverside,* 106 Cal. App. 3d 183 (1980) . . . . . . . . . . . . . . . . 14

5   *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6   *Roberts v. State of California,* 39 Cal. App. 3d 844 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7   *Shelton v. Superior Court*, 56 Cal. App. 3d 66 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8   *State v. Superior Court (Bodde*), 32 Cal.4th 1234 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

9

10   **<u>Federal Codes</u>**

11   Fed. R. Civ. P. 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

12   Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

13   42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5, 8, 10, 11, 12, 13, 14

14   42 U.S.C. § 1985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 8

15

16   **<u>State Codes</u>**

17   Cal. Govt. Code § 815 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18   Cal. Govt. Code § 815.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

19   Cal. Govt. Code § 818 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

20   Cal. Govt. Code § 820.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

21   Cal. Govt. Code § 910 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

22   Cal. Govt. Code § 945.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

23   Cal. Govt. Code § 945.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

24   Cal. Civ. Code § 51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

25   Cal. Civ. Code § 51.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15, 18, 19

26   Cal. Civ. Code § 52.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15, 18

27   Cal. Civ. Code § 3294. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28   Cal. Code Civ. Proc. § 377.20. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19

Cal. Code Civ. Proc. § 377.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19

Cal. Code Civ. Proc. § 377.60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Code Civ. Proc. § 377.61. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Code Civ. Proc. § 377.34. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Prob. Code § 58. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cal. Prob. Code § 6400. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cal. Prob. Code § 6402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Other Sources**

*Judicial Council of Cal. Civ. Jury Instns.* (2010) CACI No. 1305. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Judicial Council of Cal. Civ. Jury Instns.* (2010) CACI No. 3023. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

1  Defendants, CITY OF FRESNO, a public entity, FRESNO POLICE DEPARTMENT, a
2  department of the City of Fresno, a public entity, JERRY DYER ("Chief Dyer"), ALFONSO CASTILLO
3  ("Castillo"), and JOSHUA BOWLING ("Bowling"), employees of the City of Fresno, a public entity
4  (collectively "Defendants"), hereby submit the following memorandum of points and authorities in
5  support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
6  ("FRCP") and their motion to strike pursuant to FRCP 12(f).

**I.**

**INTRODUCTION**

9       The Plaintiffs allege that on September 23, 2009, at approximately 12:00 a.m., police officers
10  surrounded the home of Celeste Rodriguez at 1352 North Calaveras Street where decedent Lonnie
11  Graham ("Decedent") was staying. *Complaint*, paras. 15 - 17. Plaintiffs allege that police officers
12  threatened Ms. Rodriguez and demanded that she call Decedent and have him come out the back door.
13  *Complaint*, para. 18. Ms. Rodriguez allegedly called her fifteen-year-old son, G.S., who handed the cell
14  phone to the Decedent and Decedent went out the back door where police officers told him to turn
15  around with his hands in the air. *Complaint*, paras. 19 - 21. Plaintiffs allege that Decedent "complied
16  with the officer's (sic)  instructions" and turned around with his hands in the air and the cell phone in
17  his right hand. *Complaint*, para. 22. The Plaintiffs then allege that the "officers fired multiple times,
18  from multiple angles." *Complaint*, para. 23.

19       Plaintiffs allege that Decedent committed no crime, complied with the officers' instructions, and
20  did not provoke the officers when he was shot. *Complaint*, paras. 25 -26. Plaintiffs further allege that
21  Decedent's death "was a foreseeable harm resulting from defendant' (sic) failure to exercise duty of care
22  owed to decedent, by using excessive and deadly force against the decedent." *Complaint*, para. 27.

23       The complaint contains twelve causes of action. The First Cause of Action is for Violation of
24  Fourth Amendment rights, pursuant to 42 U.S.C. § 1983 ("Section 1983"). The Second Cause of Action
25  is for Deliberate Indifference to Decedent's Medical Needs pursuant to Section 1983 and the Due
26  Process Clause of the Fourteenth Amendment. The Third Cause of Action is a Conspiracy claim
27  pursuant to 42 U.S.C. § 1985 ("Section 1985") for alleged "excessive and/or arbitrary" use of force. The
28  Fourth Cause of Action is for wrongful death pursuant to Section 1983 and the Fourth, Fifth, Ninth, and

Fourteenth Amendments. The Fifth Cause of Action is a Section 1983 claim for loss of familial relationship purportedly "secured by the First, Fourth, Fourteenth Amendments." The Sixth Cause of Action is a "*Monell*" claim against the City of Fresno, Fresno Police Department, Chief Dyer, and/or Does 26-50. The Seventh Cause of Action is a survival action claim by Plaintiff Teresa Arres ("Arres") for an alleged violation of Decedent's "civil rights" as provided under Section 1983. The Eight Cause of Action is a state law claim by Plaintiffs L.G. and J.G., by and through their Guardian Ad Litum Benicia Fuentes, for wrongful death based on negligence. The Ninth and Tenth Causes of Action are state law claims for the violation of Decedent's civil rights pursuant to California Civil Code section 51.7 and 52.1. The Eleventh and Twelfth Causes of Action are intentional tort claims for assault and battery and intentional infliction of emotional distress.

## II.

## AUTHORITY FOR MOTION

A dismissal under the Federal Rules of Civil Procedure is proper where the plaintiff fails to state a claim upon which relief can be granted and where the defect appears on the face of the complaint. Fed. R. Civ. P. 12(b)(6). While a complaint "does not need detailed factual allegations," it is nonetheless a plaintiff's obligation to provide the grounds of the entitlement to relief. *Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id*., at 570.

A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). Therefore, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

/ / /

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

2

1    Under the Federal Rules of Civil Procedure the court may strike from a pleading any redundant,

2    immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike may be granted

3    if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the

4    litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

5                                              **III.**

6                                        **LEGAL ANALYSIS**

7    **A.     Improper and Redundant Defendants Should be Dismissed**

8         **1.     The Fresno Police Department is Not a Proper Defendant**

9    The Fresno Police Department is not a proper defendant in this action.  Since a municipal

10   department is not a "person" under 42 U.S.C. section 1983, asserting a claim against a municipal

11   department is not an appropriate way to plead a section 1983 action against a municipality.  *Vance v.*

12   *County of Santa Clara,* 928 F. Supp. 993, 996 (N.D. Cal. 1996) (citing *Stump v. Gates*, 777 F. Supp.

13   808, 816 (D. Colo. 1991).  Thus, the Fresno Police Department should be dismissed as a defendant.

14   **2.     The Official-Capacity Claims Against Defendants Jerry Dyer, Alfonso Castillo, and**
     **Joshua Bowling Are Redundant**

15
16   The Plaintiffs have brought suit against defendants Jerry Dyer, Alfonso Castillo, and Joshua

     Bowling in both their official and individual capacities.  *Complaint*, paras. 6-8.  However, the City of

17   Fresno has also been named as a defendant.  In actions pursuant to Section 1983, "when both an officer

18   and the local government entity  are named in a lawsuit and the officer is named in his official capacity,

19   the officer is redundant and should be dismissed."  *Luke* v. *Abbott,* 954 F. Supp. 202, 203 (C.D. Cal.

20   1997).  Therefore, defendants  Jerry Dyer, Alfonso Castillo, and Joshua Bowling should be dismissed

21   as defendants in their official capacities.
22
     **B.     The Plaintiffs' Claim for Punitive Damages Against the City of Fresno Should be Stricken**
23
     A municipality may not be held liable for punitive damages unless expressly authorized by
24
     statute. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260 n. 21 (1981); Cal. Govt.Code §
25
     818 (Notwithstanding any other provision of law, a public entity is not liable for damages awarded under
26
     Section 3294 of the California Civil Code or other damages imposed primarily for the sake of example
27
     and by way of punishing the defendant.)  "California Government Code section 818 bars any award of
28

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

1  punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d

2  1109, 1113 (9th Cir.1992).   Thus, as a municipality, the City of Fresno is immune from punitive

3  damages under Section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. at 271(1981).

4          "[A] motion to strike may be used to strike any part of the prayer for relief when the damages

5  sought are not recoverable as a matter of law."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34

6  (C.D. Cal. 1996).  Since punitive damages cannot be recovered as a matter of law against Defendant City

7  of Fresno, Plaintiffs' request for punitive damages against City of Fresno set forth in paragraph 4 of the

8  prayer should be stricken.

9  **C.      First Cause of Action - Violation of the Fourth Amendment of the United States
   Constitution (42 U.S.C. § 1983)**

10

11         The first cause of action fails to identify the particular Defendant(s) the claim is being alleged

   against, so it is presumed alleged against all Defendants.

12

              **1.      Only Decedent's Personal Representative or Successor-In-Interest Can Maintain
                      a Fourth Amendment Claim**

13

14         It is unclear which Plaintiff(s) bring this cause of action, however, since paragraph 43 of the

15  Complaint specifically addresses the violation of Decedent's Fourth Amendment rights, it is presumed

16  that the Estate of Lonnie Graham brings this cause of action.  If, however, any of the other Plaintiffs

17  allege their Fourth Amendment rights were violated in some way, then they would need to allege them

18  separately because "Fourth Amendment rights are personal rights which . . . may not be vicariously

19  asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969).  Therefore, in actions brought pursuant

20  to Section 1983, the survivors of an individual killed as a result of an officer's excessive use of force

21  may only assert a Fourth Amendment claim on that individual's behalf if the relevant state's law

22  authorizes a survival action.  See *Smith v. City of Fontana*, 818 F.2d 1411, 1416-1417 (9th Cir. 1987);

23  *Curnow By and Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

24         In California, if a person dies having a cause of action for injuries suffered during life, the claim

25  "survives" to his or her estate and may be prosecuted by the decedent's personal representative or, if

26  none, by the decedent's successor in interest (intestate successor) on behalf of the estate.  Cal. Code Civ.

27  Proc. §§ 377.20, 377.30.  A "personal representative" is the "executor, administrator, administrator with

28  the will annexed, special administrator, successor personal representative, public administrator acting

---

Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

4

pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).  Where a decedent leaves no will, then decedent's estate passes to his/her heirs pursuant to California Probate Code section 6400, *et seq*.  Cal. Prob. Code § 6400.  An estate only passes to a decedent's parents when there is no surviving issue.  Cal. Prob. Code § 6402(b).  "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action."  *Moreland v. Law Vegas Metropolitan Police Department*, 159 F.3d 365, 369 (9th Cir. 1998) (citing *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998)).

The Complaint identifies Teresa Arres as the surviving mother of Decedent, Lonnie Graham, and as Decedent's personal representative, but the Complaint fails to indicate whether Ms. Arres is the executrix or administrator of Decedent's will or whether the Decedent died intestate. *Complaint*, paras. 1 and 2.  The Complaint additionally identifies Plaintiffs L.G. and J.G. as the minor surviving children of Decedent.  *Complaint*, para. 3.  If Ms. Arres is not the executrix or the administrator of Decedent's estate, then she is not in fact the Decedent's personal representative and L.G and J.G., as the successors in interest, would be the appropriate plaintiffs to bring Decedent's Fourth Amendment claim.  Therefore, absent more information, the Fourth Amendment claim can only be maintained by L.G. and J.G, by and through their Guardian Ad Litem Benicia Fuentes.

**D.     Second Cause of Action - Deliberate Indifference to Decedent's Medical Needs (42 U.S.C. § 1983)**

The second cause of action fails to identify the particular Plaintiff(s) who bring the cause of action or the particular Defendant(s) the claim is being alleged against, so it is presumed alleged against all Defendants by all Plaintiffs.

**1.     Plaintiffs Fails to Allege Sufficient Facts to Support a Claim for Violation of Decedent's Constitutional Rights Based on Deprivation of Urgently Needed Medical Attention**

Plaintiffs allege that as a result of the Fresno Police Department "doing the acts complained of" Decedent was deprived of "urgently needed medical attention in violation of his rights, under the Due Process Clause of the Fourteenth Amendment."  *Complaint*, para. 45.

If Plaintiffs are attempting to assert a federal claim for violation of Decedent's Fourteenth Amendment Due Process Rights, they have failed to allege sufficient facts to do so.  Plaintiffs assert that Defendants acted under color of state law to deprive Decedent of urgently needed medical attention; however, Plaintiffs have presented no facts demonstrating the medical needs of the Decedent or that Defendants acted with deliberate indifference to those medical needs.

The substantive due process clause of the Fourteenth Amendment provides that a pretrial detainee has a right to receive care for serous medical needs.  A government official may be liable for the denial of medical care of a pretrial detainee if he knows of and disregards a substantial risk to the health and safety of the inmate.  *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003); and *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).  However, Plaintiffs have not alleged facts to support this claim.

Plaintiffs' claim rests solely on the conclusory allegation that Defendants deprived Decedent of urgently needed medical attention.  *Complaint*, para. 45.  It is unclear what actions constituted a deprivation of medical attention to Decedent by Defendants. Without further facts, Defendants cannot be said to have acted with deliberate indifference to Decedent's serious medical needs, because the medical needs were not identified nor were any acts of deliberate indifference by Defendants alleged.  Thus, Plaintiffs' purported claims arising out of the alleged deprivation of urgently needed medical attention for Decedent should be dismissed in their entirety.

**E.**     **Third Cause of Action - Conspiracy to Violate Decedent's Civil Rights (42 U.S.C. § 1985)**

This cause of action of action is brought against Defendants City of Fresno, Chief Dyer, Officer Castillo, and Officer Bowling for conspiring to violate Decedent's federal civil rights to be free from excessive and/or arbitrary force pursuant to 42 U.S.C. § 1985**.**  The second cause of action fails to identify the particular Plaintiff(s) who bring the cause of action, so it is presumed the allegations are brought by all Plaintiffs.

**1.**     **The Plaintiffs Have Failed to Plead a Conspiracy Claim**

The Third cause of action in the complaint is brought by Plaintiffs pursuant to 42 U.S.C. § 1985 ("Section 1985").  The Plaintiffs allege that the City of Fresno, Chief Dyer, Castillo, and Bowling

---

Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

1 "conspired to violate decedent's federal civil rights to be free from excessive and/or arbitrary force."

2 *Complaint*, para. 48. However, Plaintiffs have failed to adequately plead a valid conspiracy claim.

3       A cause of action under Section 1985 exists when "two or more persons conspire for the purpose

4 of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State

5 or Territory*, with intent to deny to any citizen the equal protection of the laws . . . ."* 42 U.S.C. §

6 1985(2). The "equal protection" language of the second clause of section 1985(2) requires "an allegation

7 of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*,

8 995 F.2d 898, 909 (9th Cir. 1993) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir.1985)).

9 "Congress intended the act [section 1985(2)] to apply only in cases where there was racial or class-based

10 animus." *Kimble v. D. J. McDuffy, Inc.,* 648 F.2d 340, 347 (5th Cir.), *cert. denied*, 454 U.S. 1110, 102

11 S.Ct. 687 (1981); *see Lopez v. Arrowhead Ranches*, 523 F.2d 924, 928 (9th Cir. 1975) (limitation to

12 "cases in which a deprivation of equal rights is actionable to those where the injury is class motivated.").

13 Here, there are no allegations of class-based animus. Therefore, the conspiracy claim should be

14 dismissed.

15       Alternatively, if Plaintiffs are alleging a conspiracy under Section 1985(3), that too has not been

16 adequately plead to support a conspiracy claim. To state a cause of action under § 1985(3), a complaint

17 must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of

18 the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in

19 furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right

20 or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

21 "To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of

22 a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus

23 behind the conspirators' action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir.

24 2002).

25       Even assuming a valid class, Plaintiffs conclusory allegations are not enough to support a

26 conspiracy claim. A section 1985 claim "must allege facts to support the allegation that defendants

27 conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-*

28 *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9thCir. 1988). "To state a claim for conspiracy

_____

Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)).

For a Section 1985(3) claim the plaintiff is "bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Powell v. Workmen's Compensation Bd. of State of N. Y.*, 327 F.2d 131, 137 (2nd Cir. 1964); *see Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003). "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby*, 250 F. Supp. 2d at 458. Plaintiffs allege no facts indicating the period of the conspiracy, what the specific object of the conspiracy was (something more than the wrongs to be done), what actions were taken in furtherance of the alleged conspiracy, or that there was a meeting of the minds between any of the defendants. Accordingly, the Third Cause of Action should be dismissed.

## F.   Fourth Cause of Action - Wrongful Death (42 U.S.C. § 1983)

The fourth cause of action fails to identify the particular Plaintiff(s) who bring this cause of action or the particular Defendant(s) the claim is being alleged against. Thus the fourth cause of action is presumed alleged against all Defendants by all Plaintiffs.

### 1.   The Fourth, Fifth, and Fourteenth Amendment Claims Should be Stricken for Being Impertinent and Redundant

This cause of action should be stricken to the extent it is a claim alleged by the Decedent, or on behalf of the Decedent, for unreasonable searches and seizures and excessive use of force, because such claims are personnel and may not be vicariously asserted. Claims of excessive force or unlawful arrest are to be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Quintanilla v. City of Downey*, 84 F.3d 353, 357 (9th Cir. 1996); *Conley v. City of Lorain*, 1999 WL 1021650 at *1 (6th Cir. Nov. 2, 1999) ("An excessive use of force claim arising out of an arrest must be analyzed under the Fourth Amendment, rather than the Fifth or Fourteenth Amendments."). It should also be noted that this cause of action is redundant as Decedent has already

alleged a cause of action for excessive use of force pursuant to the Fourth Amendment under the first cause of action. Therefore, to the extent this cause of action alleges a Fourth Amendment claim, it should be stricken.

### 2. The Fifth Amendment Only Applies to Federal Government

The Fifth Amendment Due Process Clause only applies to actions of the federal government, not those of state or local governments. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *Scott v. Clay County, Tennessee*, 205 F.3d 867, 873, n. 8 (6th Cir. 2000)**.** Since Plaintiffs do not allege that any of the Defendants are federal actors their Fifth Amendment claim should dismissed with prejudice.

### 3. Plaintiffs fail to state a claim for interference with the "zone of privacy" under the Fourth and Ninth Amendments

Plaintiffs allege a "right to be free from interference within (sic) the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution." *Complaint*, para. 51, lines 19-20. The Ninth Circuit in *In re Crawford*, 194 F.3d 954 (9th Cir. 1999) addresses the "zone of privacy."

> While the Supreme Court has expressed uncertainty regarding the precise bounds of the constitutional "zone of privacy," its existence is firmly established. See, e.g., *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977); *Griswold v. Connecticut*, 381 U.S. 479, 483 (1965). We have observed that the relevant Supreme Court precedents delineate at least two distinct kinds of constitutionally-protected privacy interests: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Doe v. Attorney General*, 941 F.2d 780, 795 (9th Cir.1991) (quoting *Whalen*, 429 U.S. at 599-600).

*In re Crawford*, *supra*, at p. 958 (9th Cir. 1999).

Plaintiffs allege no facts to identify what "zone of privacy" was interfered with or which Plaintiff or Plaintiffs were subjected to such interference. Furthermore, plaintiff has failed to alleged fact under this cause of action that implicate the Fourth and Ninth Amendments. Therefore Plaintiffs' "zone of privacy" claim should be dismissed.

### 4. Plaintiffs Have Failed to Sufficiently Plead a Due Process Claim Under the Fourteenth Amendment

The substantive component of the Fourteenth Amendment's due process clause "forbids the government from depriving a person of life liberty, or property in such a way that 'shocks the

---

Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

1   conscience' or 'interferes with rights implicit in the concept of ordered liberty.' " *Nunez v. City of Los*

2   *Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739 (1987)).

3        The first part of the substantive due process analysis is whether a defendant's conduct resulted

4   in deprivation of a fundamental liberty or property interest.  See, *Washington v. Glucksberg*, 521 U.S.

5   702, 721-722 (1997).  In *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996), the Ninth Circuit

6   explained that "recent jurisprudence restricts the reach of the protections of substantive due process

7   primarily to liberties 'deeply rooted in this Nation's history and tradition.' Thus, the Fourteenth

8   Amendment protects against a State's interferences with 'personal decisions relating to marriage,

9   procreation, contraception, family relationships, child rearing, and education,' as well as with an

10  individual's bodily integrity." *Id.*, at 1319, (Citations omitted).

11       While the Due Process Clause is written as a limit on the State to prevent it from depriving

12  individuals of life, liberty, or property, it does not confer any affirmative duty on the State to protect

13  those interests.  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195

14  (1989).  Furthermore, mere negligence or lack of due care by state officials in the conduct of their duties

15  does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does

16  not state a claim under Section 1983.  See, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v.*

17  *Cannon*, 474 U.S. 344, 347 (1986).

18       Conduct by state actors can also be actionable if it "shocks the conscience."  See, *County of*

19  *Sacramento v. Lewis* (1998) 523 U.S. 833, 847.  However, cases analyzing allegations of "conscience

20  shocking" activity emphasize the physical intrusion and brutality of the police conduct, such as torture

21  extracting a confession, or the forcible extraction of evidence.  See, *Chavez v. Martinez,* 538 U.S. 760,

22  773-774 (2003);  *Rochlin v. California*, 342 U.S. 165 (1952); *Rutherford v. City of Berkeley,* 780 F.2d

23  1444, 1447-1448 (9th Cir. 1986);  *Braley v. City of Pontiac,* 906 F.2d 220, 226 (6th Cir. 1990);  *Souza*

24  *v. Pina*, 53 F.3d 423, 427 (1st Cir. 1995).

25       Plaintiffs do no more than allege that "Defendants acted under [t]he color of law by shooting and

26  killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving

27  Plaintiffs and the decedent of . . . life or liberty without due process of the law, as guarantied by the Fifth

28  and Fourteenth Amendments." *Complaint*, para. 51.  Under *Twombly*, such conclusory statements must

Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

10

be supported by plausible factual allegations, therefore Plaintiffs' Fourteenth Amendment claim should be dismissed.

**G.      Fifth Cause of Action - Violations of Plaintiffs' Civil Rights to Familial Relationship (42 U.S.C. § 1983)**

The fifth cause of action fails to identify the particular Plaintiff(s) who bring this cause of action or the particular Defendant(s) the claim is being alleged against. Thus the fifth cause of action is presumed alleged against all Defendants by all Plaintiffs.

**1.      Plaintiffs' Reference to a First Amendment Claim Should be Stricken**

Plaintiffs familial association claim is better addressed under the Fourteenth Amendment than under the First Amendment which "only protects associational interests related to speech and petition." *See Pizzuto v. County of Nassau*, 240 F. Supp. 2d 203, 212 - 213 (E.D.N.Y. 2002) (citing *Thompson v. Ashe,* 250 F.3d 399, 406-407 (6th Cir.2001)). Since Plaintiffs fail to identify an associational interest related to speech and petition, Plaintiffs' First Amendment Claim should be Stricken from the fifth cause of action.

**2.      Plaintiffs' Reference to a Fourth Amendment Claim Should be Stricken**

Plaintiffs have asserted that the Fourth Amendment provides a basis for the claim for loss of familial companionship. It does not. The Supreme Court has recognized that the right to intimate familial relationships is protected by the Fourteenth Amendment. See *Roberts v. United States Jaycees*, 468 U.S. 609, 617-618 (1984). According to the Norther District of California "[t]o prevail on a Fourteenth Amendment claim arising out of the loss of a familial relationship, a plaintiff must show that the defendants' conduct shocks the conscience. What state of mind shocks the conscience depends on the circumstances of a particular case." *Kim v. City of Santa Clara*, 2010 WL 2034774, at * 6 (N.D. Cal. May 19, 2010) (citations omitted); see *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998).

Based on the above, any reference the a violation of the Fourth Amendment in the context of loss of familial companionship, should be stricken.

**H.      Sixth Cause of Action - *Monell* (42 U.S.C. § 1983)**

This cause of action is against defendants City of Fresno, Fresno Police Department, and Chief Dyer in his individual and/or his capacity as official policy maker for Fresno Police Department. As

discussed above, Fresno Police Department is not a proper defendant because City of Fresno is already a defendant and thus should be dismissed from this cause of action.  For the same reasons, and as discussed above, Chief Dyer should be dismissed from this cause of action as a redundant defendant to the extent he is referred to in his capacity as official policy maker for Fresno Police Department.

### 1. The Complaint Does Not Contain Facts Supporting Defendant DYER's Individual Liability

Plaintiffs have brought suit against Chief Dyer in his individual capacity. There can be no liability, however, under Section 1983 unless there is some affirmative link between a Chief Dyer's actions and the claimed deprivation.  See *Rizzo v. Goode*, 423 U.S. 362 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  On this basis, liability for a constitutional tort "arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)).  There is no respondeat superior liability under Section 1983.  See *Monell v. Department of Social Services ("Monell")*, 436 U.S. 658, 691 (1978); *Rise v. State of Oregon*, 59 F.3d 1556, 1563 (9th Cir. 1995) (overruled on other grounds in *Ferguson v. City of Charleston*, 532 U.S. 67 (2001)).

To establish a prima facie case of supervisor liability, a plaintiff must show facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).  A police chief is liable in his individual capacity if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he kn[e]w or reasonably should [have] know[n], would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991) (ratification, poor investigation, or failure to terminate a series of events may make supervisor liable).

The Ninth Circuit requires something more than a failure to reprimand to establish municipal policy or ratification. *Kanae v. Hodson*, 294 F.Supp.2d 1179, 1189 (D. Hawaii 2003).  Allegations of supervisor liability must rise above simple failure to reprimand to avoid dismissal.  See *Willis v. City*

*of Fresno*, 2010 WL 475447 at *8 (E.D. Cal. Feb. 4, 2010) (denying dismissal of section 1983 claims against police chief where allegations included deliberate indifference to actual notice of constitutional infractions). The direct participation of a supervisor in the deprivation of constitutional rights may be found where the supervisor, through acquiescence, inaction and reckless indifference to the rights of others causes subordinates to inflict constitutional harms. *Phillips v. City of Fairfield*, 406 F. Supp. 2d 1101, 1116 (E.D. Cal. 2005).

Here, the complaint contains allegations of excessive force against defendants Castillo and Bowling.  However, there are no facts linking defendant Chief Dyer to this incident and as such there is no indication that he had any "personal participation" in the events in question.  Furthermore, Plaintiffs fail to identify any actual notice to Chief Dyer of the constitutional infractions alleged or a failure on his part to act to prevent them.  Plaintiffs merely allege that the "acts and/or omissions alleged . . . are indicative and representative of a repeated course of conduct by Fresno PD . . ." *Complaint*, para. 55.  While Plaintiffs make general allegations regarding their *Monell* claim, with individual liability, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 557.

Therefore, defendants request that the instant motion be granted and Chief Dyer be dismissed as a defendant in the Sixth Cause of Action.

**I.      Seventh Cause of Action - Survival Action: Violation of Decedent's Civil Rights**

This cause of action is brought by Plaintiff Teresa Arres as the personal representative of Decedent Lonnie Graham's Estate.  As discussed above Plaintiffs L.G. and J.G., by and through their Guardian Ad Litem, Benicia Fuentes, are the appropriate Plaintiffs to bring this cause of action as the successors in interest to Decedent, not Plaintiff Teresa Arres as no facts were alleged to identify her as the executrix or administrator of Decedent's estate.

As set forth above, Plaintiffs' Fourth Amendment claim is possible pursuant to the California survival action statutes.  However, under California Code of Civil Procedure § 377.34, "(i)n an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would

---

have been entitled to recover had the decedent lived, <u>and do not include damages for pain, suffering, or disfigurement</u>."  (Emphasis added).  As such, in a Section 1983 action, a plaintiff may not recover for the pain and suffering that a decedent suffered prior to his or her death.  See *Estate of Contreras ex re. Contreras v. County of Glenn*, — F. Supp. 2d —, 2010 WL 2816246 at *4 (E.D. Cal. Jul. 16, 2010); *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1132-1133 (E.D. Cal. 2002); *Garcia v. Superior Court*, 42 Cal. App. 4th 177, 184-187 (1996).

It is alleged that Decedent "was forced to endure great conscious pain and suffering because of Defendant's conduct before his death."  *Complaint*, para. 34.  However, the damages recovered in a survival action must be pursuant to the statutory scheme.  Plaintiff Teresa Arres as alleged personal representative and/or L.G. and J.G as successors in interest of Decedent's estate are not entitled to recover for Decedent's pain and suffering.  To the extent that Plaintiffs seek to recover damages for the pain and suffering of the Decedent, claim should be stricken.

**J.   Plaintiffs' State Law Claims are Barred by the Statute of Limitations and Should be Dismissed**

Plaintiffs' Eighth, Ninth, Tenth, Eleventh, and Twelfth causes of action are asserted pursuant to state law.  Although Plaintiffs assert that they complied with the California Government Claims Act (*California Government Code* § 910), the facts alleged do not support compliance.  *Complaint*, para. 11.

The California Government Claims Act requires the presentation of a claim to the applicable public entity for "money or damages" as a prerequisite for damages litigation against a public entity.  California Government Code § 945.4.  It is well-settled that in actions for damages against public entities, the claims statutes require "timely" filing of a proper claim as a condition precedent to the maintenance of the action.  See *City of San Jose v. Superior Court,* 12 Cal.3d 447, 454 (1974).  "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action."  *Pacific Tel. & Tel. Co. v. County of Riverside,* 106 Cal. App. 3d 183, 188 (1980) .

In *State v. Superior Court (Bodde)*, 32 Cal.4th 1234 (2004), the California Supreme Court made it clear that a plaintiff bringing suit under California law against a public entity and/or its employees must not only comply with the claims filing statute, but must also properly allege claims filing

compliance in the complaint. "A plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *Bodde*, 32 Cal.4th at 1243.

Plaintiffs' claims for assault and battery, intentional infliction of emotional distress, wrongful death - negligence, and violation of Civil Code sections 51.7 and 52.1 accrued on September 23, 2010. A tort claim was initially submitted on behalf of the Estate of Lonnie Graham on October 2, 2009. *Declaration of Kerry Trost* ("*Trost Decl.*"), para. 3, Exhibit "A." A notice of insufficiency of claim was mailed to Plaintiffs' counsel on October 19, 2010 and an amended tort claim was subsequently submitted on November 5, 2009. *Trost Decl.*, para. 3, Exhibits "B" and "C." The rejection of the tort claim was then mailed on January 26, 2010. *Complaint*, para. 11; *Trost Decl.*, para. 3, Exhibits "D."

Government Code section 945.6(a)(1) provides that any suit brought against a public entity on a cause of action which requires a claim to be filed must commence no later than six months after the date of the rejection. Plaintiffs' complaint was not filed until September 9, 2010, nearly seven and half months after rejection of the tort claim. See *Trost Decl*. and Exhibit "D." Due to this failure to comply with the claims presentation requirements of the California Government Claims Act, the state law claims (assault and battery, intentional infliction of emotional distress, wrongful death - negligence, and violation of Civil Code sections 51.7 and 52.1) of all Plaintiffs should be dismissed.

In addition to the untimeliness of the filing of the Complaint, to date no tort claim has ever been presented on behalf of Plaintiffs Teresa Arres or L.G. and J.G., by and through their Guardian Ad Litem, Benicia Fuentes, in relation to the incident that is the subject of this litigation. *Trost Decl.*, para. 4. The California Government Claims Act requires the presentation of a claim to a public entity for "money or damages" as a prerequisite for damages litigation against that public entity. *Government Code* § 945.4. A claim shall be presented by the claimant, or by a person acting on his or her behalf, and shall show "(t)he name and post office address *of the claimant*." (Italics added). *Government Code* § 910(a). A government tort claim must also contain "(a) general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." *Government Code* § 910(d).

Regardless of the fact that the City of Fresno may have had some knowledge of Plaintiffs' claimed injuries, "[i]t is not the purpose of the claims statutes to prevent surprise." *City of San Jose v.*

1    *Superior Court*, *supra*,12 Cal.3d at 455.  "It  is well-settled that claims statutes must be satisfied even

2    in the face of the public entity's actual knowledge of the circumstances surrounding the claim.  Such

3    knowledge--standing alone--constitutes neither substantial compliance nor basis for estoppel." *Ibid*.

4          In several cases, appellate courts have held that when an injured party files a claim with a

5    government entity, and another party also injured by the same transaction seeks to pursue a suit against

6    the government entity without filing a separate claim, the second injured party may not rely on the claim

7    filed by the original claimant if the injury suffered by the second injured party is separate and distinct.

8    For instance, in a wrongful death action, the daughter of the decedent who fails to submit a claim for

9    damages cannot rely on the tort claim filed by the wife of the decedent.  *Peterson v. City of Vallejo*, 259

10   Cal. App. 2d 757, 765-766 (1968).  Furthermore, wrongful death plaintiffs cannot rely on a tort claim

11   filed by a decedent for personal injuries (*Lewis v. City & County of San Francisco,* 21 Cal. App. 3d 339,

12   341 (1974)); a widow asserting a wrongful death claim cannot rely on a tort claim filed by the decedent's

13   employer or its workers' compensation insurance carrier (*Roberts v. State of California,* 39 Cal. App.

14   3d 844, 847-48 (1974)); and, a husband and wife cannot assert loss of consortium causes of action in

15   reliance on each other's tort claim asserting personal injuries (*Shelton v. Superior Court*, 56 Cal. App.

16   3d 66, 81-83  (1976)).

17         Government Code § 910(a) requires that the actual claimant(s) be identified in the claim. Teresa

18   Arres and L.G. and J.G., by and through their Guardian Ad Litem, Benicia Fuentes, were ever identified

19   as claimants in any claim submitted to the City of Fresno.  *Trost Decl*., para 4. Due to their failure to

20   comply with the claims presentation  requirements of the California Government Claims Act, all state

21   law claims (wrongful death and negligence) of Plaintiffs L.G. and J.G. by and through their Guardian

22   Ad Litem, Benicia Fuentes and Teresa Arres, should be dismissed.

23         Plaintiffs are unable to allege facts which support compliance with the claim filing requirements

24   as set forth in the California Government Code.  Therefore, the state claims asserted by all should be

25   dismissed without leave to amend.

26   **K.      Eighth Cause of Action - Wrongful Death - Negligence (C.C.P. §§ 377.60 and 377.61)**

27         The eighth cause of action is brought by Plaintiffs L.G. and J.G., by and through their Guardian

28   Ad Litem Benicia Fuentes, against all defendants.

a.     *The City of Fresno Cannot Be Directly Liable for Negligence*

The Plaintiffs have set forth a negligence claim against the City of Fresno. However, a public entity itself cannot be liable for negligence, as there is no statute providing for such liability. See Cal. Gov. Code § 815(a);  *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1112-1115 (2004); *Sanders v. City of Fresno*, 551 F. Supp. 2d 1149, 1181 (E.D. Cal. 2008).

In *Munoz*, the court of appeal discussed the plaintiffs' allegations against the defendant city based on "negligence in the selection, training, retention, supervision and discipline of police officers." *Munoz*, 120 Cal. App. 4th at 1112.  The *Munoz* court noted that the parties were unable to refer "to any statutory basis for direct liability under the circumstances of the case or, at least one creating a special duty of care."  *Id*., at  1113.  Although public entities "always act through individuals, that does not convert a claim for direct negligence into one based on vicarious liability."  *Id*.  Accordingly, the City of Fresno should be dismissed as a defendant in the Eighth Cause of Action.

b.     *Plaintiffs L.G. and J.G., By and Through Their Guardian Ad Litem, Benicia Fuentes, Have Failed to Plead a Negligence Claim Against Chief Dyer*

The elements of negligence are: (1) a legal duty to conform to a standard of conduct to protect the plaintiff; (2) failure to meet this standard of conduct; (3) the failure was the proximate or legal cause of the resulting injury; and (4) the plaintiff was damaged.  *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).  As for Chief Dyer, there are no allegations in the complaint regarding what legal duty he owed Decedent, or how he personally breached a standard of reasonable care.  In Federal court, a plaintiff is required to state what each named defendant did that gave rise to liability.  See *Ashcroft v. Iqbal* ("*Iqbal*"), 129 S.Ct. 1937, 1948-49 (2009).

Moreover, Chief Dyer cannot be held liable for the act of his subordinates because  Cal. Gov. Code § 820.8 provides that a "public employee is not liable for the act or omission of another person." Even though Cal. Gov. Code § 815.2(a) provides vicarious liability for municipalities for the acts of their employees, section 820.8 prevents vicarious liability for supervisors for the tortious acts of their subordinates.  Therefore, the negligence claim against Chief Dyer should be dismissed.

///

///

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

**L.     Ninth Cause of Action - Violation of Decedent's Right to Enjoy Civil Rights (Violation of California Civil Code § 52.1)**

California Civil Code section 52.1 ("Section 52.1") provides for an individual suit for damages where a person interferes "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, . . ."  However, Section 52.1 does not provide for derivative liability.  *Bay Area Rapid Transit District v. Superior Court*, 38 Cal.App.4th 141, 144-145 (1995).

Section 52.1 does not provide any substantive protections.  Rather, it enables individuals to sue for damages as a result of constitutional violations.  *Reynolds v. County of San Diego,* 84 F.3d 1162, 1170-71 (9th Cir. 1996) .  "[Section 52.1] is simply not a wrongful death provision.  It clearly provides for a personal cause of action for the victim of a hate crime." *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal. App. 4th 141, 145 (1995).  Section 52.1 "is limited to plaintiffs who themselves have been the subject of violence or threats." *Bay Area Rapid Transit*, 38 Cal. App. 4th at 145.

Accordingly, the Section 52.1 claim should be dismissed to extent Plaintiffs Teresa Arres and L.G. and J.G. by and through their Guardian Ad Litem, Benicia Fuentes, assert such a claim.

**M.     Tenth Cause of Action - Violation of Decedent's State Statutory Rights (Violation of California Civil Code § 51.7)**

Plaintiffs allege that Defendant Castillo and Bowling "violated decedents' (sic) rights under California Civil Code § 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race." *Complaint*, para. 71.  California Civil Code section 51.7 states:

> "'All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Civil Code section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.'"

*Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 880 (2007).

Civil Code section 51(e)(5) identifies "race" among the protected characteristics.  In *Austin B. v. Escondido Union School Dist.*, the court stated that a plaintiff must prove four elements to support a claim for violation of section 51.7: (1) that defendant threatened or committed violent acts against

plaintiff or his property; (2) that a motivating reason for defendant's conduct was his perception of plaintiff's race; (3) that plaintiff was harmed; and (4) that defendant's conduct was a substantial factor in causing plaintiff's harm. *Austin B., supra,* at 880-81; *see also Judicial Council of Cal. Civ. Jury Instns.* (2010) CACI No. 3023.

Plaintiffs' tenth cause of action has not alleged sufficient facts to support a claim that Castillo and/or Bowling's motivating reason for their alleged acts of violence was Decedent's race. Plaintiffs merely allege that decedent "is and was readily recognizable Hispanic- American." *Complaint*, para. 71. There are no factual allegations demonstrating either Castillo and/or Bowling engaged in any intentional discrimination or that they utilized racially motivated remarks, jokes, and/or stereotypes during any interaction with Decedent. Rather, Plaintiffs rely solely on the conclusory allegation that Castillo and Bowling's actions were conducted "because of his race." *Complaint*, para. 71.

Due to Plaintiffs' failure to allege any facts to support that Castillo's and/or Bowling's actions were motivated by intentional discrimination against Decedent because of his race, Plaintiffs' claim for violation of Civil Code section 51.7 should be dismissed, without leave to amend.

**N.      Eleventh Cause of Action - Intentional Infliction of Emotional Distress**

The eleventh cause of action fails to identify the particular Plaintiff(s) who bring this cause of action or the particular Defendant(s) the claim is being alleged against. Thus the eleventh cause of action is presumed alleged against all Defendants by all Plaintiffs. Paragraph 76 of the Complaint does address the "foreseeable rick (sic) that decedent would suffer extreme emotional distress," thus it could be inferred that this is really a survival action for intentional infliction of emotional distress. If that is the case then only Decedent's personal representative or successor in interest could bring this cause of action. Cal. Code Civ. Proc. §§ 377.20, 377.30. As discussed above, only L.G. and J.G would be able to bring this cause of action.

To maintain a cause of action for intentional infliction of emotional distress Plaintiffs would need to allege facts showing:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) outrageous conduct. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a

civilized community." And the defendant's conduct must be "intended to inflict injury or engaged with the realization that injury will result."

(Citations Omitted) *Hughes v. Pair,* 46 Cal.4th 1035, 1050-1051 (2009) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993)). Plaintiffs fail to identify the specific conduct of Defendants that was so extreme that it exceeded all bounds of that usually tolerated by civilized society. Plaintiffs merely allege that "the above-described conduct was extreme, unreasonable and outrageous" without identifying what that conduct was or which defendant was the proponent of said conduct. *Complaint*, para. 75. Plaintiffs also fail to allege sufficient facts to support a claim that Decedent suffered severe or extreme emotional distress. Therefore, the eleventh cause of action should be dismissed.

**O.      Twelfth Cause of Action - Assault and Battery**

The twelfth cause of action fails to identify the particular Plaintiff(s) who bring this cause of action or the particular Defendant(s) against whom the claim is being alleged. Thus the twelfth cause of action is presumed alleged against all Defendants by all Plaintiffs.

For Plaintiffs to establish a claim for assault and battery by a peace officer they must prove all of the following: that Defendant intentionally touched Plaintiff; that Defendant used unreasonable force to detain Plaintiff; that Plaintiff did not consent to the use of that force; that Plaintiff was harmed; and that Defendant's use of unreasonable force was a substantial factor in causing Plaintiff's harm. *CACI 1305.* It is notable that when a plaintiff brings a battery action against a police officer he or she has the burden of proving "unreasonable force as an element of the tort." *Edson v. City of Anaheim,* 63 Cal. App. 4th 1269, 1272 (1998); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 (2004).

Plaintiffs' only factual allegation to support a claim for assault and battery is that "Defendants' above-described conduct constituted assault and battery." *Complaint*, para. 78. The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Furthermore, Plaintiffs are required to state what each named defendant did that gave rise to liability. *Iqbal*, 129 S. Ct. at 1948-49. Therefore, Plaintiffs assault and battery claims should be dismissed.

/ / /

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike

1

**IV.**

2

**CONCLUSION**

3        Based on the foregoing, Defendants respectfully request that the instant motion to dismiss and

4    motion to strike be granted in their entirety.

5

6    DATED: November 29, 2010

                                                WEAKLEY, ARENDT & McGUIRE, LLP

7

8
                                    By:     /s/ Rosemary T McGuire
9                                          Rosemary T. McGuire
                                           Brande L. Gustafson
10                                         Attorneys for Defendants
                                           CITY OF FRESNO, FRESNO POLICE DEPARTMENT,
11                                         JERRY DYER, ALFONSO CASTILLO, and JOSHUA
                                           BOWLING
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Defendants' *Amended* Motion to Dismiss
Plaintiff's Complaint and Motion to Strike