IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENECIA FUENTES, as Guardian ad Litem of Minors, L.G. and J.G. as successors in interest to Decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF FRESNO, et al.,<br><br>Defendants. | CASE NO. CV F 10-1628 LJO SMS<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12(f) MOTION TO STRIKE**<br>(Doc. 24.) |

## INTRODUCTION

Defendants City of Fresno ("City"), its police chief and two City police officers (collectively "defendants") seek to strike from plaintiffs' operative first amended complaint ("FAC") references to negligence and "duty of care." Plaintiffs filed no timely papers to oppose striking the negligence and duty of care references. This Court considered defendants' F.R.Civ.P. 12(f) motion to strike on the record and VACATES the April 4, 2011 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court STRIKES negligence and duty of care references from the FAC.

## BACKGROUND

This action arises out of the fatal police shooting of Lonnie Graham ("Mr. Graham") who died intestate. Guardian ad litem Benicia Fuentes for Mr. Graham's minor sons, plaintiffs L.G. and J.G. (collectively "plaintiffs"), pursues via the FAC claims under 42 U.S.C. § 1983 ("section 1983") for

1

excessive force, deliberate indifference to medical needs, loss of familial relationship, and *Monell* liability. This Court's January 26, 2011 order dismissed with prejudice as time and legally barred California common law and statutory claims alleged in plaintiffs' original complaint. As such, defendants seek to strike from the FAC references to negligence and duty of care.

The FAC includes "Negligent Training and Supervision (*Monell)*" in its caption. In its common allegations, the FAC alleges on information and belief that defendant City Police Chief Jerry Dyer ("Chief Dyer") and Doe defendants:

1. Have and had "a **mandatory duty of care** to properly and adequately hire, train, retrain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to arrestees";

2. "[B]reached their **duty of care** to the public in that they failed adequately [sic] train, supervise, and discipline their police officers in the proper making of arrests and use of force"; and

3. "[B]reached their **duty of care** to the public in that they have failed to discipline defendant[] [police officers] . . ."

## DISCUSSION

### F.R.Civ.P. 12(f) Motion To Strike Standards

Defendants seek to strike the negligence and duty of care references in the absence of the FAC's California common law and statutory claims.

F.R.Civ.P. 12(f) empowers a court on its own or a defendant's motion to strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527.

With these standards in mind, this Court turns to the FAC's negligence and duty of care references which defendants challenge. Defendants argue that given dismissal of California claims, FAC references to negligence and duty of care are immaterial and impertinent because they neither relate nor pertain to plaintiffs' remaining claims.

**Duty Of Care**

Defendants note that references to "negligent training and supervision," "mandatory duty of care," and breach of "duty of care" address common law negligence, claims for which have dismissed, whereas negligence and duty of care factors do not apply to the FAC's *Monell* claim.

For a *Monell* claim, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197 (1989)). "Section 1983 imposes liability for violations of rights protected by the Constitution, not violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689 (1979).

The FAC pursues claims seeking to impose liability under 42 U.S.C. § 1983 and *Monell*. No California common law or statutory claims remain as a predicate for negligence or breach of care. As such, references to negligence and duty of care are subject to striking. Plaintiffs appear to concede as much in the absence of their opposition.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court STRIKES from the FAC references to negligence

1 | and duty of care, including:

2 |     1.    "Negligent" from the FAC's caption; and

3 |     2.    "Duty of care" from the FAC's paragraphs 33-35.

4 | IT IS SO ORDERED.

5 | **Dated:**   **March 22, 2011**          /s/ **Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE