# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENICIA FUENTES as Guardian ad Litem of minors, L.G. and J.G. as successors in interest to Decedent,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF FRESNO, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:10-cv-01628-LJO-SMS<br><br>ORDER DIRECTING ADDITIONAL BRIEFING IN SUPPORT OF ATTORNEYS' MOTIONS FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF BENICIA FUENTES<br><br>(Docs. 33 and 34) |

On August 22, 2011, attorneys Yan Shrayberman and Mario DiSalvo, counsel for Plaintiff Benicia Fuentes, Guardian ad Litem of minors, L.G. and J.G., filed individual actions to withdraw as counsel as a result of their inability to locate their client. Defendants have filed a statement of non-opposition.

Local Rule 83-182(d) provides, in pertinent part, "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." Generally, inability to locate the client is grounds for withdrawal from representation under C.R.C.P. 3-700(B). Cal. State Bar Formal Ops. 1989-111, 2002-160; Los Angeles Bar Ass'n Formal Op. 441 (1987). In this case, however, Benicia Fuentes is not bringing the law suit individually, but is acting as guardian *ad litem* for minors L.G. and J.G. A guardian *ad litem* cannot represent the minors without counsel. *Mossanen v. Monfared*, 77 Cal. App.4th 1402, 1409 (2000).

When a guardian *ad litem* retains counsel for a minor, the attorney-client relationship

exists with the minor, not the guardian. Paul W. Vapnek, et al., California Practice Guide Professional Responsibility § 3:122 (Rutter Group 2009). *See Berry v. Chaplin*, 74 Cal.App.2d 652, 657 (1946). A court errs if it permits counsel to withdraw before new counsel for a minor is retained. *Mossanen*, 77 Cal App.4th at 1410; *Torres v. Friedman*, 169 Cal.App.3d 880, 888 (1985).

Neither *Mossanen* nor *Torres* considered a fact situation in which an attorney sought to withdraw from a case because he or she could not locate the guardian *ad litem*. Accordingly, Plaintiffs' counsel are hereby directed to submit supplemental briefs on or before October 7, 2011, addressing with specificity the appropriate procedure to be followed to ensure protection of the rights of the minor Plaintiffs, L.G. and J.G. The matter shall then be deemed submitted for decision pursuant to Local Rule 230(h) (Fed. R. Civ. P. 78).

IT IS SO ORDERED.

**Dated:   September 22, 2011**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

2